# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.     **DOYLE UNDERWOOD,** | ) | |
| | ) | |
|                   **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 1.     **JENSEN FARMS, a trade name;** | ) | |
| 2.     **FRONTERA PRODUCE LTD, a foreign corporation;** | ) | |
| 3.     **PRIMUS GROUP, INC., d/b/a PRIMUS LABS, a foreign corporation;** | ) | Case No.: 6:11-CV-348-JHP |
| 4.     **PRUETT'S FOOD, INC., a domestic corporation;** | ) | |
| 5.     **ASSOCIATED WHOLESALE GROCERS, INC., a foreign corporation; and** | ) | |
| 6.     **JOHN DOES 1-10,** | ) | |
| | ) | |
|                   **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Reconsider (Doc. No. 113); Defendant Primus Group, Inc.'s ("Primus") Response is Opposition (Doc. No. 116); and Plaintiff's Supplement to the Motion to Reconsider (Doc. No. 118). Plaintiff requests the Court reconsider two of the issues addressed in the Court's December 31, 2013 Opinion and Order: (1) causation and (2) Primus' duty to Plaintiff under Restatement 2d of Torts § 311.

The Court has carefully reviewed the arguments contained in Plaintiff's brief, along with the supplemental authority provided for the Court's consideration. Much of Plaintiff's motion concerns the Court's characterization of the allegations regarding Primus' relationship with Defendant Frontera Produce LTD ("Frontera"). In this case, the issues of duty and causation are largely dependent on the practical interconnection of Primus to both Defendant Jenson Farms

and Frontera. In its motion, Plaintiff argues the Court erred by failing to infer from the allegations in the SAC that distribution of the subject cantaloupe was contingent on "Primus Certification." In support of this proposition, Plaintiff relies heavily on Paragraphs 17, 18, and 33 of the SAC, which provide the following:

> 17. Prior to the formation of the contract described at paragraph 16, Frontera represented to the public generally, and specifically to the retail sellers of its produce products, including cantaloupes, that its various products were "Primus Certified."
>
> 18. It was Frontera's intent and expectation that the representation set forth in the preceding paragraph would serve as an inducement for the purchase of various products, including cantaloupes, and that consumers, ultimate retailers, and itself would all benefit from Primus's audit and certification by having a high quality product.
>
> 33. Had the Jensen Farms' packing house failed the July 25, 2011 audit, the cantaloupe that caused the Plaintiffs' Listeriosis illness would not have been distributed by Jensen Farms and Frontera. Further, had the Jensen Farms packing house failed the July 25, 2011 audit, production would not have continued without Jensen Farms first correcting the various conditions and practices that (a) should have caused the packing house to fail the July 25 audit and (b) were proximate causes of the outbreak that is the subject of this action.[1]

Furthermore, in his brief, Plaintiff, for the first time in this litigation, points to Frontera's Answer to Plaintiff's SAC, wherein it Frontera, in response to Paragraph 33 "admits that if it had advance knowledge of the audit results, it would not have distributed the cantaloupe that cause the plaintiff's Listeriosis." (Doc. No. 99, ¶ 18.)

After consideration of the Plaintiff's brief and the supplemental materials presented thereafter, the Court finds the allegations contained in Plaintiff's SAC, when viewed in a light most favorable to Plaintiff, sufficient to satisfy the pleading standards of Fed. R. Civ. P. 8(a)(2). Accordingly, Plaintiff's Motion to Reconsider is **GRANTED**.

---

[1] The Court notes that Paragraphs 17 and 18 are ambiguous and seem focused on the effect "Primus Certification" was expected to have on the products desirability to the ultimate consumer as opposed to a condition precedent to distribution.

**IT IS SO ORDERED** this 10th day of March, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma